```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X
RACEPOINT PARTNERS, LLC and
WILLOW CAPITAL-II, L.L.C.

                Plaintiffs,           OPINION


        -against-                     06 Civ. 2501 (MGC)

JPMORGAN CHASE BANK,

                Defendant.
--------------------------------X

APPEARANCES:

        BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
        Attorneys for Plaintiffs
        54 West Hubbard Street
        Chicago, Illinois 60610

        By: James B. Heaton, III, Esq.

        1899 Wynkoop Street, 8th Floor
        Denver, Colorado 80202

        By: Joseph C. Smith, Jr., Esq.


        KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.
        Attorneys for Plaintiffs
        551 Fifth Avenue
        New York, New York 10176

        By: David Parker, Esq.


        SIMPSON THACHER & BARTLETT LLP
        Attorneys for Defendant
        425 Lexington Avenue
        New York, NY 10017

        By: David J. Woll, Esq.
            Thomas C. Rice, Esq.
            Janet A. Gochman, Esq.
```

1

**Cedarbaum, J.**

Defendant JPMorgan Chase Bank, N.A. seeks reconsideration of my October 26, 2006 Opinion. In that Opinion, I dismissed Racepoint Partners, LLC & Willow Capital-I, L.L.C. v. JPMorgan Chase Bank, 06 Civ. 2500 (MGC) ("Racepoint I") for failure to state a claim, with leave to plaintiffs to take limited discovery and amend the Complaint by no later than December 29, 2006. Plaintiffs chose not to file an Amended Complaint. Accordingly, Racepoint I has been dismissed and is no longer pending in this Court.

Defendant seeks reconsideration of my Opinion only insofar as it remands Racepoint Partners, LLC & Willow Capital-II, L.L.C. v. JPMorgan Chase Bank, 06 Civ. 2501 (MGC) ("Racepoint II") to state court. Defendant makes three arguments in support of reconsideration: (1) that I overlooked case law establishing that subject matter jurisdiction exists under the Edge Act, 12 U.S.C. § 632, if any part of a suit arises out of transactions involving international or foreign banking or financial operations, even if those transactions are not themselves central to the suit; (2) that I should permit limited discovery to determine whether there is a basis for diversity jurisdiction; and (3) that I should exercise supplemental jurisdiction over Racepoint II because it

2

forms part of the same case or controversy as Racepoint I, over which there was federal jurisdiction.

The standard for granting a motion to reconsider "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see Local Civ. Rule 6.3.  A party moving for reconsideration may not advance new facts, issues, or arguments not previously presented to the Court, nor should it simply repeat arguments already briefed, considered, and decided.  See Schonberger v. Serchuk, 742 F.Supp. 108, 119 (S.D.N.Y. 1990).

Defendant's first two arguments in favor of reconsideration are unpersuasive.  They do not raise any new issues that were overlooked.  I have previously carefully considered Defendant's Edge Act arguments and rejected them.  As for Defendant's belated request for discovery, if Defendant believed it needed further discovery on the issue of diversity of citizenship, it should have requested such discovery before I issued my earlier Opinion.

Defendant's final argument, not previously raised or addressed, is that, pursuant to the Second Circuit's recent decision in Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 335 (2d Cir. 2006), I should exercise supplemental

3

jurisdiction over Racepoint II because it forms part of the same case or controversy as Racepoint I.  It is questionable whether these two actions are part of the same case or controversy.  But I need not reach that question since Racepoint I was dismissed for failure to state a claim and is no longer pending in this Court.  Accordingly, I exercise my discretion to decline supplemental jurisdiction over Racepoint II.  See 28 U.S.C. § 1367(c).

For the foregoing reasons, Defendant's motion for reconsideration is denied.

SO ORDERED.

Dated:   New York, New York
         January 11, 2007

                    S/_____
                        MIRIAM GOLDMAN CEDARBAUM
                        United States District Judge

4